UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NANCY STEERS,

                Plaintiff,                             Case No. 12-10900

v.                                          Hon. John Corbett O'Meara

STATE OF MICHIGAN, *et al.*,

                Defendants.

_____/

**OPINION AND ORDER DENYING
DEFENDANTS' MOTIONS TO DISMISS**

      Before the court are Defendants' motions to dismiss, filed March 30, 2012 and April 18,

2012.  Plaintiff filed a response May 9, 2012.  For the reasons stated below, Defendants' motions

to dismiss are denied.

**BACKGROUND FACTS**

      Plaintiff Nancy Steers alleges two violations of the Family and Medical Leave Act

(FMLA) and a violation of the Rehabilitation Act.  Plaintiff, a Michigan resident, was employed

by the Michigan Department of State and acted as a State Services Assistant in the Renewal by

Mail Division until her termination on April 2, 2010.  The motions only address the allegations

under the FMLA.

      Plaintiff has a history of depression, anxiety, panic attacks, and migraine headaches

dating back to 2003.  In 2008, Plaintiff took two separate FMLA leaves for self-care.  In 2009,

she also took two separate FMLA leaves.  The first leave period began on February 9, 2009, so

she could care for her husband who had cancer; this FMLA leave was intermittent and did not

have a specified end date.  The second leave period was from October 20 until November 30,

2009; this self-care leave period was a combination of remaining FMLA hours and approved

medical leave.  Plaintiff made her request to use her remaining FMLA hours on November 4, but

there is no information regarding when the FMLA portion began.  Defendants placed Plaintiff on

an "Interim Employee Rating" because of her attendance on December 4, 2009.  The Interim

Employee Rating lasted until March 4, 2010.

In 2010, Plaintiff was absent with approved time off from February 17 through February

19 for her health condition and was hospitalized while still under an Interim Employee Rating.

Subsequently, Plaintiff was absent on March 5, 10, and 17 to care for her son who had a

diagnosis of major depression.  All of these absences were approved leave, but not taken as

FMLA leave.  Plaintiff's son entered in-patient care on March 5, 2010.  In each of these

absences, Plaintiff had worked the requisite 1250 hours in the previous twelve months to qualify

for FMLA leave.  On March 10, 2010, Plaintiff informed her supervisor that she may have to

take FMLA leave to care for her son who was still under in-patient care.

Plaintiff's Interim Employee Rating was followed by a "Follow-up Rating" to assess if

Plaintiff's performance had improved.  The Follow-up Rating is the alleged basis for Plaintiff's

eventual termination.  On March 23, 2010, Plaintiff was placed on administrative leave due to

her absences.  While on administrative leave, Plaintiff submitted documentation at the urging of

her doctor to use FMLA leave for her health condition from March 25 until April 25.

Defendants refused the request and terminated Plaintiff's employment on April 2, 2010 for

excessive tardiness and absenteeism.

On February 28, 2012, Plaintiff filed her complaint against Michigan.  On April 2, 2012,

Plaintiff amended her complaint to include Michigan Secretary of State Ruth Johnson as a

Defendant.  Plaintiff is suing Secretary Johnson in her official capacity.  Defendants filed two

separate motions to dismiss both counts regarding the FMLA.  Defendants do not address the

third count regarding the Rehabilitation Act.

## LAW AND ANALYSIS

### I.      Standard of Review

According to Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v.

Twombly, 550 U.S. 544 (2007)), in order to survive a motion to dismiss, "a complaint must

contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

face.'"  Conclusory statements in an allegation are insufficient and plausibility is a "context-

specific task that requires the reviewing court to draw on its judicial experience and common

sense."  Id. at 678-79.

### II.     Claim against Michigan

The State of Michigan seeks dismissal of the FMLA claim against it based on sovereign

immunity.  A state employer is not absolutely immune from private FMLA lawsuits under the

Eleventh Amendment because Congress abrogated sovereign immunity through the Fourteenth

Amendment in response to gender discrimination.  See Nevada Dep't of Human Res. v. Hibbs,

538 U.S. 721 (2003).  However, this immunity only extends to the family-care provision of the

FMLA and does not extend to leave associated with self-care.  See Coleman v. Court of Appeals

of Maryland, 132 S. Ct. 1327 (2012).  Unlike the family-care provision, the self-care provision

lacks evidence of a history of state constitutional violations that require a congruent or

proportional remedy.  See id. at 1334.  Plaintiff concedes that she cannot recover damages for the

alleged FMLA violation due to her self-care, but may recover under the family-care provision.

The FMLA entitles a qualified employee to twelve workweeks of leave during a twelve

month period "to care for the spouse, or a son . . . of the employee, if such spouse [or] son . . .

has a serious health condition." 29 U.S.C. § 2612(a)(1)(C) (alteration in original). The FMLA

also entitles a qualified employee to leave "because of a serious health condition that makes the

employee unable to perform the functions of the position of such employee." 29 U.S.C. §

2612(a)(1)(D).

According to Coleman, 132 S. Ct. at 1335, the only absences that would qualify as a

cause of action against Michigan in spite of the Eleventh Amendment are the intermittent leave

period that began on February 9, 2009, to care for Plaintiff's husband and the absences in 2010

on March 5, 10, and 17 to care for her son. Plaintiff alleges that Defendants put her on

administrative leave less than one week after her March 2010 absences to care for her son.

At this stage of the proceedings, Plaintiff's allegations are sufficient to state a plausible

claim for relief under the FMLA based upon family-care leave. The parties do not dispute that

Plaintiff cannot recover for alleged FMLA violations based on the self-care provision.

Therefore, Defendant's motion is granted to the extent it addresses Plaintiff's self-care claims

and denied to the extent it addresses Plaintiff's family-care claims.

### III.    Claim against Johnson

Plaintiff is suing Michigan Secretary of State Johnson in her official capacity, pursuant to

a request for injunctive relief in the form of reinstatement. A claim for injunctive relief against a

state official in his official capacity is permitted in spite of the Eleventh Amendment when there

is a continuing violation of federal law. Ex parte Young, 209 U.S. 123 (1908). The official must

have "some connection with the enforcement of the act, or else it is merely making him a party

as a representative of the state, and thereby attempting to make the state a party." Id at 157.

Johnson argues that Plaintiff cannot bring an official capacity suit against her because the

"FMLA does not impose individual liability on public agency employers." Mitchell v.

4

Chapman, 343 F.3d 811, 833 (6th Cir. 2003).  However, Mitchell only discusses individual

liability and does not address official capacity claims.  Id.

    In support of her official capacity claim against Johnson, Plaintiff cites Whitfield v.

Tennessee, 639 F.3d 253, 257 (6th Cir. 2011), where the court recognized an Ex parte Young

action against a state official under the ADA, despite the fact that the ADA does not impose

individual liability on state officials.  Courts have held that an employer cannot be held

individually liable under the ADA, just as the court did in Mitchell, 343 F.3d at 833, regarding

an FMLA claim.  See Wathen v. Gen. Elec. Co., 115 F.3d 400, 405 (6th Cir. 2003).  Here,

Plaintiff's FMLA claim is analogous to an ADA claim; neither act imposes individual liability,

but the Whitfield court still permitted an ADA claim against a state official in her official

capacity.  639 F.3d at 257.  In light of Whitfield, the Court is not persuaded that Plaintiff's Ex

parte Young action should be dismissed as a matter of law.

    At the hearing, Secretary Johnson raised the argument that she is not the proper defendant

under Ex parte Young because she does not have control over Plaintiff's employment.  Because

this argument was raised at oral argument and Plaintiff has not had the opportunity to respond,

the Court will not address it at this time.

## ORDER

    IT IS HEREBY ORDERED that the State of Michigan's motion to dismiss IS

GRANTED IN PART and DENIED IN PART.  IT IS FURTHER ORDERED that Secretary

Johnson's motion to dismiss IS DENIED.

Date: June 28, 2012                         s/John Corbett O'Meara
                                            John Corbett O'Meara
                                            United States District Judge

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, July 3, 2012, using the ECF system and/or ordinary mail.


<u>s/Amanda Chubb for William Barkholz</u>
Case Manager